UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23009-ALTMAN/Reid

**ANDRES BETANCOURT**,

    *Plaintiff*,

v.

**TARGET CORPORATION**,

    *Defendant*.

_____/

## ORDER DENYING MOTION TO REMAND

The Plaintiff has filed a Motion for Remand (the "Motion") [ECF No. 10]—which, after careful review, we now **DENY**.[1]

### THE FACTS

On March 20, 2023, the Plaintiff, Andres Betancourt, sued our Defendant, Target Corporation, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserting one count of negligence. *See generally* Complaint [ECF No. 1-3]. The Defendant was served on July 18, 2023. *See generally* Return of Service [ECF No. 6-9]. The Defendant then removed this case to federal court on August 9, 2023—*less* than 30 days later—under the provisions of 28 U.S.C. §§ 1441(b), 1446(a), and 1332. *See generally* Notice of Removal [ECF No. 1]. The Plaintiff now moves to remand the case back to state court. *See generally* Motion.

### THE LAW

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden

---

[1] The Defendant filed a response, *see generally* the Defendant's Response in Opposition to the Plaintiff's Motion for Remand ("Response") [ECF No. 12], but the Plaintiff never replied, *see generally* Docket.

of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." If the case "stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## ANALYSIS

In his Motion, the Plaintiff advances just one argument: that the "Defendant's Notice of Removal [is] untimely," Motion at 2, because, "[o]n April 25, 2023, a courtesy copy of the lawsuit, along with a demand letter, was e-mailed to [the] Defendant's Third Party Administrator – Sedgwick – which provided a deadline of May 9, 2023, to respond or the undersigned would proceed with litigation," *id.* at 1. The email (which the Plaintiff attaches as an exhibit to his Motion) indeed shows that, on April 25, 2023, the Plaintiff's lawyer sent matthewmullen@sedgwick.com (apparently the Defendant's "Third Party Administrator") a copy of his "demand and complaint." *See* April 25 Email [ECF No. 10-1] at 1. According to the Plaintiff, since more than 30 days elapsed between April 25, 2023, and August 9, 2023, the Defendant's Notice of Removal was untimely, and the case should be remanded to state court.

Unfortunately for the Plaintiff, the Supreme Court has rejected this *precise* argument. In *Murphy Bros., v. Michetti Pipe Stringing, Inc.*, the Court held that § 1446(b)'s 30-day clock "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service.*" 526 U.S. 344, 348 (1999) (emphasis added). In reaching this conclusion, the Court reasoned that "the 'service or otherwise' language" of § 1446(b) "was not intended to bypass service as a starter for § 1446(b)'s clock." *Id.* at 355. And this is exactly the Defendant's position here. *See* Response at 1 ("The arguments asserted in [the] Plaintiff's Motion have been rejected by the United States Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), which unequivocally held that a defendant's mere receipt of a complaint unattended by any formal service is insufficient to trigger the start of the 30-day time period for removal.").

Following *Murphy Bros.*, district courts have uniformly rejected the argument the Plaintiff makes here—that simply emailing a copy of the complaint, unaccompanied by formal service, can

3

trigger the 30-day removal clock under § 1446(b). *See, e.g., Blair v. Philips Elecs. N. Am. Corp.*, 2017 WL 565075, at *1 (M.D. Fla. Feb. 13, 2017) (Moody, J.) ("[S]imply emailing a courtesy copy of the complaint is not sufficient to trigger the thirty-day removal timeline . . . . The timeline is not triggered until the defendant (or an agent) has been formally served or has waived service."); *Needham v. Lexington Ins. Co.*, 2018 WL 10517034, at *2 (S.D. Fla. Oct. 17, 2018) (Otazo-Reyes, Mag. J.) ("That [d]efendant received a copy of the [c]omplaint before being served is of no moment because the deadline cannot be triggered by mere receipt of the complaint unattended by any formal service." (cleaned up)); *Bodner v. Thunderbird Prods. Corp.*, 2019 WL 13154859, at *1 (N.D. Fla. Oct. 28, 2019) (Wetherell, J.) ("Plaintiffs argue that the case should be remanded to the state court because the notice of removal was filed more than 30 days after . . . [p]laintiffs emailed a copy of the complaint . . . to [the defendants'] registered agent . . . . [T]he Court finds that because Florida law does not provide for service of process by email, the 30-day removal clock did not start until . . . the [d]efendants were formally served with the summons and complaint.").

In our case, the Defendant was served on July 18, 2023. *See* Return of Service; *see also* Motion at 1 ("Ultimately, on July 18, 2023, [the] Plaintiff obtained service on [the] Defendant."). Because the Defendant had not yet been served in April 2023, the Plaintiff's email—which included a copy of the *proposed* complaint—didn't trigger the 30-day removal clock.[2] *See Murphy Bros.*, 526 U.S. at 347–48 ("[A] named defendant's time to remove is [not] triggered . . . by mere receipt of the complaint unattended by any formal service."). And, because the Defendant removed this case within 30 days of receiving proper service, the Defendant's Notice of Removal *was* timely.

---

[2] The Plaintiff separately suggests that (maybe) the 30-day clock started on May 22, 2023. *See* Motion at 5. Again, however, the Defendant hadn't been served in May 2023, and the 30-day removal clock could not have started *before* formal service.

Accordingly, we hereby **ORDER and ADJUDGE** that the Plaintiff's Motion for Remand [ECF No. 10] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 16, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record